USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: May 29, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,

                         Petitioner,

     – against –

GALT INSTALLATIONS LLC,

                         Respondent.

**OPINION AND ORDER**

18 Civ. 7103 (ER)

Ramos, D.J.:

      The New York City District Council of Carpenters petitions the Court to confirm an arbitration award against Galt Installations LLC, invoking the Court's jurisdiction under Section 301(a) of the Labor Management Relations Act ("LMRA") and 29 U.S.C. § 185.  For the reasons stated below, the petitioner's motion is GRANTED in part and DENIED in part.

**I.  BACKGROUND**

      The New York City District Council of Carpenters (the "Union") is a labor organization located at 395 Hudson Street, New York, New York, 10014.  Pet. To Confirm Arbitration Award ("Pet.") ¶ 1, Doc. 1.  Galt Installations LLC (the "Employer") is a foreign limited liability company registered in New York State, with its principal place of business at 100 Murray Avenue, Hamilton, New Jersey, 08620.  *Id.* ¶ 2.

      On March 12, 2013, the Union executed a collective bargaining agreement with the Association of Wall Ceiling & Carpentry Industries of New York, Inc[1] (the "Agreement").  *Id.*

---

[1] The Employer was listed as a member of the Association of Wall Ceiling & Carpentry Industries of New York, Inc. (the "Association") from July 2014 to May 2017.  *Id.* Ex. B.

¶¶ 5, 6.  Section 4 of the Agreement provides that "[a]ny grievance…shall be submitted to arbitration before Roger Maher, Richard Adelman, or Howard Edelman who shall serve as the permanent contract arbitrator hereunder."  *Id*. Ex. A at 7.  In addition, Section 4(c) of the Agreement provides that "[i]t is the intent of the parties hereto that all disputes between them, both within and outside of the Agreement, shall be submitted to arbitration."  *Id*. Ex. A at 8.

The Agreement also provides that "the arbitrator shall have the right to conduct an ex parte hearing in the event of the failure of either party to be present at the time and place designated for the arbitration, and shall have the power to render a decision based on the testimony before him at such hearing."  *Id*. Ex. A at 7.  According to the Agreement, the decision of the arbitrator shall be "final and binding upon both parties and may be entered as a final decree or judgment in the Supreme Court of the State of New York or in a court of appropriate jurisdiction in any state where such decision shall be rendered."  *Id*. Ex. A at 7–8.  Lastly, Section 4(e) of the Agreement provides that "upon the confirmation of the arbitrator's award…the prevailing party shall be entitled to receive all court costs in each proceeding as well as reasonable attorneys' fees."[2]  *Id*. Ex. A at 8.

In January and August 2015 respectively, two separate disputes arose between the Union and the Employer under the Agreement as to whether the Employer failed to:  (1) maintain staffing compliant with the staffing and Shop Steward requirements at 787 7th Avenue, New York, New York[3]; and (2) notify the Union of a job opening located at 1700 Broadway, 14th

---

[2] The Agreement provides, however, that the costs of the arbitration, including the arbitrator's fee, shall be borne by both parties.  *Id*. Ex. A at 8.

[3] According to a grievance filed by the Petitioner on January 22, 2015, an inspection revealed that only one carpenter was working at the jobsite while the Respondent "[s]tarted [j]ob as a two man [j]ob."  *Id*. Ex. C.

2

Floor, New York, and call for a Shop Steward. Two years later, on October 25, 2017[4], the Union scheduled an arbitration hearing before Roger Maher (the "Arbitrator") for December 13, 2017, and served a "Demand for Arbitration and Notice of Hearing" (the "Notice") on the Employer by first class and certified mail.[5] *Id*. Ex. C. The Notice advised the Employer that in the event of failure to appear, the Arbitrator had the authority to proceed with the hearing and to issue an award based on the evidence before him. *Id*. Ex. C.

On December 13, the Arbitrator held a hearing as scheduled. The Union appeared through counsel and submitted testimony and other evidence in support of their claims. *Id*. ¶ 9, Ex. D. No representative appeared at the hearing on behalf of the Employer. *Id*. ¶ 9, Ex. D. Because the Union provided proof that the Employer had legally sufficient notice of the hearing and the claims against it, the Arbitrator held the Employer in default and proceeded in its absence. *Id*. Ex. D.

On December 18, 2017, the Arbitrator issued his award, finding that the Employer failed to: (1) maintain staffing compliant with [the Agreement] at 787 7th Ave, New York, New York; and (2) notify the [Union] of a job located at 1700 Broadway, 14th Floor, New York, New York, and call for a Shop Steward. *Id*. Ex. D. As the remedy for its first violation, the Arbitrator directed the Employer to pay the Union $34,154.21, the equivalent of a total of 361 hours of wages and benefits at the rates in effect at the time of the violation. *Id*. Ex. D. As the remedy for its second violation, the Arbitrator further directed the Employer to, pay the Union $776.08, the

---

[4] The record contains no communications between the Union and the Employer, or the Association, from August 2015 to October 2017.

[5] Section 4(d) of the Agreement provides that service of any documents or notice in connection with arbitration proceedings may be made by registered or certified mail, and that a post office receipt shall be evidence of proper service if mailed to the designated address. *Id*. Ex. A at 8. The Union has attached to its petition a copy of such a post office receipt. *Id*. Ex. C. Accordingly, the Union's service of the Notice shall be deemed proper under the Agreement.

3

equivalent of 8 hours of wages and benefits at the rates in effect at the time of the violation. *Id.* Ex. D. Lastly, the Arbitrator ordered that the cost of the Arbitrator's fee, a total of $2000.00, be split pursuant to the Agreement, with each party paying $1000.00 directly to the Arbitrator. *Id.* Ex. D.

On June 21, 2018, the Union mailed a copy of the award to the Employer, along with a letter request for payment by first class and certified mail.[6] *Id.* Ex. E. Specifically, the Union advised the Employer that if payment was not received by July 21, 2018, the Union would move to confirm the award and seek interest, and attorney's fees and costs. *Id.* Ex. E.

The Employer has not paid any of the award, nor has it moved to vacate or modify the award. Id. ¶¶ 13, 14. On August 7, 2018, the Union filed the instant petition to confirm the Arbitrator's award and enter judgment in their favor for the amount awarded and the Arbitrator's fee, plus interest, and attorney's fees and costs. *See generally id*. Although the Employer was served in this action[7], it has not made an appearance before this Court. On May 8, 2020, the Union moved for default judgment. Doc. 9. However, the Second Circuit Court of Appeals has instructed that a default judgment is "generally inappropriate" in "confirmation proceedings," as a petition to confirm an award is generally accompanied by a record such as the arbitration agreement and the arbitrator's award. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Accordingly, when there is such a record, the judgment the court enters should be based on the record. *Id.* Because the record in the instant action contains the arbitration agreement, the arbitrator's award and more, the Union's motion for default judgment is denied,

---

[6] The Union has attached to its petition a copy of a post office receipt certifying that the package was mailed to the Employer at 100 Murray Avenue Hamilton, NJ 08620. *Id.* Ex. E.

[7] According to the affidavit of service filed on September 4, 2018, service was effected upon the Employer through the Secretary of the State of New York. Doc. 5.

and its unanswered petition is converted into an unopposed motion for summary judgment. *See id.* at 109-10 ("generally a district court should treat an unanswered...petition to confirm/vacate as an unopposed motion for summary judgment.").

## II.     LEGAL STANDARD

### A.     Standard for Confirming Arbitrations

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). The Court is required to grant the award unless it is vacated, modified, or corrected. *Id.* (quoting 9 U.S.C. § 9). An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (internal punctuation and quotation marks omitted) (quoting *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993)). It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted) (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award — even if it disagrees with it

on the merits. *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (internal citation and quotation marks omitted).

### B. Summary Judgment Standard

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & CO.*, 462 F.3d at 110; *see also Trs. for The Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Earth Constr. Corp.*, NO. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) (internal quotation and alterations omitted) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record."). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *Scr Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion … and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410 416 (4th Cir. 1993)). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trail." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

6

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998).  The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

III.   **DISCUSSION**

  A.   **Confirmation of the Awards**

The Court has conducted a limited review of the arbitration agreements executed by the parties and the ensuing arbitration award.  The Agreement between the parties required them "to arbitrate all disputes between them."  Pet. Ex. A.  The Agreement also specified that any arbitration was to take place before one of three arbitrators, one of whom was the Arbitrator here.  After finding that proper notice was given to the Employer and that it was in default, the Arbitrator properly exercised his contractual authority and held an ex parte hearing.  The Arbitrator heard testimony and evaluated evidence proffered by the Union.  Having considered that evidence, the Arbitrator issued the award, in which he carefully laid out his calculation of damages to be awarded.  As such, the Arbitrator acted in accordance with the Agreement in reaching his decision.  There is no indication that this decision was made arbitrarily, that it exceeded the arbitrator's jurisdiction under the Agreement, or that it was contrary to law.  *See Trs. Of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at * 3 (S.D.N.Y. Aug. 29, 2012) ("Where, as here, there is no indication that the arbitration decision was made arbitrarily exceeded the arbitrator's jurisdiction,

or otherwise was contrary to law, a court must confirm the award upon the timely application of any party.").

Accordingly, the Court finds that based on the record provided, together with the appropriate narrow level of review, there is no disputed material issue of fact and the arbitration award should be CONFIRMED. *See Landy*, 954 F.2d at 797 ("[A]n arbitration award should be enforced…if there is 'a barely colorable justification for the outcome reached.'" (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978))).

### B. Arbitrator's Fee

The Union requests that the Court enter judgment in its favor in the amount of $1000.00 as the Employer's contractual half of the Arbitrator's fee, plus interest. That request is denied. The arbitration award unequivocally states that each party must pay their half of the fee directly to the Arbitrator. Courts, faced with analogous requests by the Union interpreting similarly worded collective bargaining agreements, have denied such requests finding that nothing in the agreements suggest that the Union may "stand in the shoes of the arbitrator to recover unpaid fees." *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 352 (E.D.N.Y. 2018) (citing *New York City Dist. Council of Carpenters v. Trinity Phoenix Constr. Corp.*, No. 17 Civ. 609 (DLI)(SJB), 2018 WL 1521862, at * 6 (E.D.N.Y. Jan. 10, 2018) ("[t]o the extent an arbitrator seeks to recover fees from [respondent employer] then an arbitrator could initiate any collection action or other proceeding, relying on whatever agreement an arbitrator has with [respondent employer] to recover unpaid fees")). Moreover, similar to that in *Allied Design*, the Union's request here fails to indicate whether it had actually paid the Employer' share of the Arbitrator's fee and is seeking reimbursement, or any other reason as to why it should be able to recoup the Employer's half of the Arbitrator's fee that the award

8

specifically ordered to be paid directly to the Arbitrator. *See id.*; *cf. New York City Dist. Council of Carpenters v. J.M.R. Concrete Corp.*, No. 16 Civ. 711 (ENV) (ST), 2018 WL 2078476 (E.D.N.Y. Feb. 26, 2018) (report and recommendation adopted without objection by Order Adopting Report and Recommendation, dated Mar. 27, 2018) (ordering the Respondent to reimburse the petitioner its half of the arbitrator's fee where the petitioner offered evidence that it paid for the arbitrator's fee in its entirety). Accordingly, the Union's request is DENIED.

### C.  Attorney's Fees, Costs, and Prejudgment Interest

The Union also seeks to recover an award of attorney's fees and costs for the instant petition to confirm as well as prejudgment interest.

"Courts have routinely awarded attorney[']s fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at * 4 (S.D.N.Y. May 12, 2008)) (collecting cases). The Employer did not abide by the arbitration award and failed to timely participate in this action. Moreover, the Agreement specifically provides that the Union, as the prevailing party, is entitled to reasonable attorney's fees and costs. Therefore, the Court finds that an award of attorney's fees and costs in connection with this action is merited.

*Reasonable Hourly Rate*

The Second Circuit has held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a "presumptively reasonable fee." *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill*

9

*Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). A "reasonable hourly rate" is the rate "a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. It is a rate "in line with… prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (internal quotation marks omitted). "The actual billing arrangement certainly provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded." *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001) (internal citation omitted). Courts have recognized that "negotiation and payment of fees by sophisticated clients" strongly indicate their "reasonableness." *Bleecker Charles Co. v. 350 Bleecker St. Apt. Corp.*, 212 F. Supp. 2d 226, 230 (S.D.N.Y. 2002).

Here, the hourly rates requested, $250 and $300 per hour[8] for an experienced partner with fourteen years of experience almost exclusively in labor and employment law, are the customary rates as set by the actual billing arrangement between the Union and its counsel. *See* Decl. of Lydia Sigelakis ("Sigelakis Decl."), Doc. 10, ¶¶ 19, 20, 21. They are also the hourly rates actually billed to the Union in this action. *Id.* ¶ 22; *see also Triumph Const. Corp. v. N.Y.C. Council of Carpenters Pension Fund*, No. 12 Civ. 8297 (KPF), 2014 WL 6879851, at *4 (S.D.N.Y. Dec. 8, 2014) (finding that "the fees requested equal the amount actually billed" a strong indicator of their reasonableness") (internal citation omitted). Moreover, both hourly rates are within the range of reasonable rates awarded by courts in similar cases involving attorneys with comparable experience. *See e.g.*, *Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 267 (E.D.N.Y. 2008) (applying S.D.N.Y. rates and awarding

---

[8] On July 1, 2018, the hourly rate charged by the Union's counsel changed from $250 to $300 per hour under the billing arrangement with the Union. Singelakis Decl., ¶ 21.

10

rates of $250 for associates and $400 for partner in petition to confirm arbitration award). Accordingly, the Court finds the requested hourly rates reasonable.

*Reasonable Hours Expended and Costs*

Having reviewed the records supporting 4.8 hours of attorney work at a rate of $300.00 per hour and 0.1 hour of attorney work at a rate of $250 per hour, the Court finds those hours expended reasonable.  The Court also finds the requested $650 in costs, consisting of $400 filing fee and $250 service of process fees supported by invoices submitted, reasonable as well. Accordingly, applying the lodestar method, an award of $2115 in attorney's fees and costs to the Union is reasonable.

*Prejudgment Interest*

The Union also seeks an award of 9% prejudgment interest per year on the arbitration award running from the date of the award to the entry of judgment by this Court.   While the awarding of prejudgment interest in confirmation of arbitration award proceedings is at the discretion of the trial court, there is a "presumption in favor of prejudgment interest." *Waterside Ocean Navigation Co. v. International Navigation, Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984). Moreover, courts in this district have routinely awarded such interest in actions concerning an LMRA arbitration conducted pursuant to a collective bargaining agreement that provides that an arbitration award is "final and binding." *See Service Employees International Union, Local 32BJ, AFL-CIO v. Stone Park Associates*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004); *see also New York City Dist. Council of Carpenters Pension Fund v. Eastern Millenium Constr., Inc.*, No. 03 Civ. 5122 (DAB), 2003 WL 22773355, at *3 (S.D.N.Y. Nov. 21, 2003).  Accordingly, in light of the presumption in favor of granting prejudgment interest and the fact that the Agreement

provides that the award is "final and binding," the Court finds that prejudgment interest is warranted here.

## IV. CONCLUSION

For the aforementioned reasons, the Union's motion for summary judgment is granted. The arbitration award is CONFIRMED, and the Clerk of Court is directed to enter judgment in favor of the Union in the amount of $34,930.29, with interest to accrue at the rate of 9% from December 18, 2017—the date of the arbitration award—through the date of judgment. The Court also GRANTS the Union's request for attorneys' fees and costs in the amount of $2115.00. The Court DENIES the Union's request for the Arbitrator's fee. The Clerk of the Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: May 29, 2020
New York, New York

_____
Edgardo Ramos, U.S.D.J.